UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOSH THOMAS,<br><br>  Petitioner,<br><br>v.<br><br>LUIS MARTINEZ,<br><br>  Respondent. | Case No. 1:22-cv-01129-JLT-CDB (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE AND ADJUST THE DOCKET TO REFLECT VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a)(1)(A)(i) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Docs. 11, 14) |

Petitioner Hosh Thomas, a state prisoner, currently incarcerated at Correctional Training Facility in Soledad, California, is proceeding pro se with a Petition for writ of habeas corpus under 28 U.S.C. 2254, filed on August 28, 2022. (Doc. 1). Respondent filed a Motion to Dismiss on November 7, 2022.[1] (Doc. 11). Within the 30-day period for which Petitioner was permitted to file a traverse to any motion to dismiss (*see* Doc. 5), on December 5, 2022, Petitioner filed a Motion to Withdraw.[2] (Doc. 14). Petitioner requests "withdrawal" of this matter, which the Court construes as a notice of voluntary dismissal under Rule 41(a)(1)(A)(i). In his filing,

---

[1] According to the Motion to Dismiss, Luis Martinez is the current warden of Correctional Training Facility and the properly named Respondent in this matter. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992).

[2] The Clerk of Court filed the motion on Petitioner's behalf on December 9, 2022. Petitioner signed the filing on December 5, 2022, and pursuant to the prisoner mailbox rule, that is the effective date of filing. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

Petitioner suggests he was unaware of any exhaustion requirements.

The Federal Rules of Civil Procedure may be applied to habeas proceedings to the extent such rules are not inconsistent with the statutory provisions of the Habeas Rules.  Rules Governing Section 2254 Cases in the United States District Court, Rule 12. *See also*, Fed R. Civ. P. 81(a)(4).  Pursuant to Fed. R. Civ. P. Rule 41(a)(1)(A)(i), "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i).  Voluntary dismissal under this rule requires no action on the part of the court. *See United States v. 475 Martin Lane*, 545 F.3d 1134, 1145 (9th Cir. 2008) (voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) is self-executing and requires no further action by court).  Even where a habeas respondent files a pre-answer motion to dismiss, Rule 41(a)(1) has been found to divest the court of jurisdiction upon the filing of any notice of voluntary dismissal. *See Bhanami v. Apker*, No. 1:17-cv-01572-DAD-JLT (HC), 2018 WL 684896, at *1 (E.D. Cal. Feb. 1, 2018) (finding Rule 41(a)(1) applicable even after assigned magistrate judge issued findings and recommendations following a fully briefed motion to dismiss).

In this case, Respondent has served neither an answer nor a motion for summary judgment.  Thus, Petitioner's notice of dismissal was effective upon its filing and without a court order pursuant to Federal Rule of Civil 41(a)(1)(A)(i).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to CLOSE the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a)(1)(A)(i).

All other pending motions (*e.g.*, Doc. 11) and matters are rendered moot by this order.

IT IS SO ORDERED.

Dated: __**June 29, 2023**__               _____
                                                              UNITED STATES MAGISTRATE JUDGE